**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| YIMAO ZHANG, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | C.A. No. S24A-02-002 MHC |
| | ) | |
| JACK LINGO INC. REALTOR | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER

Submitted: July 15, 2024
Decided: August 13, 2024

*Upon Appeal from the Court of Common Pleas,* **AFFIRMED.**

Yimao Zhang, *Petitioner Pro Se.*

David C. Hutt, Esquire, R. Eric Hacker, Esquire, Michelle G Bounds, Esquire, MORRIS JAMES LLP, 107 W. Market Street, P.O. Box 690, Georgetown, Delaware, 19947, *Attorneys for Appellee Jack Lingo Inc. Realtor.*

**CONNER, J.**

This thirteenth day of August 2024, upon consideration of the parties' briefings and the record before the Court, it appears to the Court that:

1.      On November 3, 2018, Yimao Zhang ("Appellant") entered into an agreement with Jack Lingo Inc. Realtor ("Lingo") for the rental and management of Appellant's property located in Lewes, Delaware ("Agreement").

2.      On July 3, 2019, a tenant renting the property complained of issues with the HVAC unit. Lingo hired John Shomper ("Shomper") to inspect the HVAC unit. After two separate attempts to repair the unit Shomper determined it needed to be replaced. Appellant verbally approved the replacement of the HVAC unit and acknowledged the cost of $4,400. Lingo hired an HVAC company to replace the unit and billed the Appellant pursuant to the Agreement.[1]

3.      On October 14, 2019, Lingo filed a debt collection action against Appellant to recover the cost of the unit and other expenses. Appellant counterclaimed. On February 28, 2020, the Justice of the Peace Court issued a judgment of $5,066.78 against Appellant in favor of Lingo

---

[1] For a complete recitation of the facts relevant to this matter the Court refers to *Yimao Zhang v. Jack Lingo Inc. Realtor*, Del. J.P., C.A. No. JP17-19006342, Comly, J. (Feb.28, 2020).

("2020 JP Judgment").[2]  Appellant did not appeal this judgment and it became final.

4.  At some point thereafter Appellant learned that Shomper was not a licensed HVAC technician.  On February 11, 2021, Appellant requested the Justice of the Peace Court to vacate the February 28, 2020, judgment by letter.[3]  Appellant argued that her "discovery" of Shomper's licensure status and Lingo's alleged fraud in concealing it warrants a vacatur of the 2020 JP Judgment.  On July 26, 2021, the Justice of the Peace Court issued an order denying Appellant's request to vacate the 2020 JP Judgment ("2021 JP Denial Order").[4]

5.  On August 5, 2021, Appellant appealed the 2021 JP Denial Order to the Court of Common Pleas, once again arguing newly acquired evidence and fraud on the part of Lingo.  On December 11, 2023, the Court of Common Pleas held a hearing on Appellant's appeal.  On February 8, 2024, the Court of Common Pleas issued an order affirming the 2021 JP Denial ("2024 CCP Order").[5]  The Court of Common Pleas reasoned

---

[2] *Id.*

[3] The Justice of the Peace considered these unstyled letters to be motions to vacate judgment under Rule 60 of the Rules of the Court of the Justices of the Peace.

[4] *Yimao Zhang v. Jack Lingo Inc. Realtor*, Del. J.P., C.A. No. JP17-19006342, Comly, J. (Jul. 26, 2021).

[5] *Yimao Zhang v. Jack Lingo Inc. Realtor*, 2024 Del. CCP, C.A. No. CPU6-21-000795, Clark, J. (Feb. 8, 2024).

"Shomper's lack of registration could have been reasonably discovered prior to the trial and no evidence was presented that would indicate [Lingo] knowingly made misrepresentations to [Appellant]."[6]

6. On February 28, 2024, Appellant appealed the 2024 CCP Order to this Court. In her appeal Appellant claims that she was entitled to a trial *de novo* relitigating the 2020 JP Judgment and that the Court of Common Pleas erred by not granting such review.

7. This Court will affirm a decision of the Court of Common Pleas when the record indicates that it is the product of an orderly and logical deductive process and supported by evidence.[7] A thorough review of the record demonstrates that the Court of Common Pleas did not err in affirming the Justice of the Peace Court's denial of Appellant's motion for relief. Appellant was not entitled to a Court of Common Pleas review of the 2020 debt collection action in the Justice of Peace Court because that matter was not timely appealed. As for the Court of Common Pleas review of the 2021 JP Denial Order, the evidence Appellant categorizes as "newly discovered" was published publicly on a state website and could have been easily discovered with due

---

[6] *Id.* at 4.
[7] *Rufus v. Ramsey*, 2004 WL 838612, at *1 (Del. Super. Ct. Apr. 13, 2004).

diligence in time for Appellant to have moved for a new trial in the Justice of the Peace Court. Further, Appellant has yet to provide any evidence to the Court indicating that Lingo knowingly made misrepresentations. Appellant failed to file a timely appeal of the 2020 JP Judgment and failed to state a claim upon which relief can be granted in her appeal from the 2024 CCP Order affirming the 2021 JP Denial Order.

8. The record before the Court indicates that the decision of the Court of Common Pleas is the product of an orderly and logical deductive process and supported by sufficient evidence. The record further demonstrates the Court of Common Pleas did not err as a matter of law. Therefore, I **AFFIRM**.

/s/ *Mark H. Conner*

Mark H. Conner, Judge

Via File & Serve
oc: Prothonotary